IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL RAY FRANCE, | Case No. C 15-4078 PSG (PR) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| SHERIFF THOMAS D. ALLMAN, et al., | |
| Defendants. | |

Michael Ray France, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.[1] The court has granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses the complaint and gives France leave to amend to specify his claims for relief.

**I.  DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.[2] In its

---

[1]  France has consented to magistrate judge jurisdiction. *See* Dkt. No. 1 at 5.

[2]  *See* 28 U.S.C. § 1915A(a).

Case No. C 15-4078 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[3]  *Pro se* pleadings must, however, be liberally construed.[4]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.[5]

B.   France's Claims

France alleges that on April 2, 2014, he was brought into Mendocino County Jail, where he is currently housed.  France was thrown into a dirty safety cell, and then placed into lock-down.  France claims that he has never had any problems which incarcerated, and should have been housed in general population.  After being assured that he would be placed in general population if he maintained good behavior, France instead was moved to solitary confinement for eight months.  France was told that the move was based on his tattoos and religious and cultural beliefs.  France raises a variety of claims:  that he was denied his religious diet for approximately eight months; that he was treated unfairly; that he was denied legal materials and habeas corpus forms; and that he was denied the use of his phone.  France names as defendants Sheriff Thomas D. Allman, Captain Pearce, Studor, Bednar, and the Mendocino County Sheriffs Office.

As currently pled, France's complaint fails to state a cognizable claim for relief.  Although France names individual defendants, he does not link any of those defendants with any action or inaction demonstrating that any of them violated plaintiff's rights.  Liability may only be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the

---

[3] *See* 28 U.S.C. § 1915A(b)(1), (2).

[4] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[5] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Case No. C 15-4078 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

1   defendant's actions both actually and proximately caused the deprivation of a federally protected
2   right.[6]  France must "set forth specific facts as to each individual defendant's" actions which
3   violated his rights.[7]  Even at the pleading stage, "[a] plaintiff must allege facts, not simply
4   conclusions, that show that an individual was personally involved in the deprivation of his civil
5   rights."[8]

6       In order to state a cognizable claim for relief, France must proffer enough facts to state a
7   claim that is plausible on its face.[9]  This means that the facts alleged must "allow[] the court to
8   draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]  In other
9   words, in order to be entitled to the presumption of truth, France's allegations cannot simply
10  recite the elements of a cause of action, but must instead contain sufficient allegations of
11  underlying facts to give fair notice to the defendant(s) to be able to defend himself.[11]  These
12  presumptively true factual allegations must "plausibly suggest an entitlement to relief, such that
13  it is not unfair to require the opposing party to be subjected to the expense of discover and
14  continued litigation."[12]

15      In addition, the complaint has several claims that may not be properly joined under
16  Federal Rule of Civil Procedure 20(a).  Rule 20(a) provides that all persons may be joined in one
17  action as defendants if "any right to relief is asserted against them jointly, severally, or in the
18  alternative with respect to or arising out of the same transaction, occurrence, or series of
19  transactions or occurrences" and if "any question of law or fact common to all defendants will

---

[6] *See Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013).

[7] *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

[8] *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

[9] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[11] *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

[12] *Id.*

Case No. C 15-4078 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

arise in the action." France's complaint concerns several different incidents that may not be connected, although their relatedness (or lack thereof) cannot be determined at this time because of the absence of factual details about many claims. In his amended complaint, France may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. France needs to choose what claims he wants to pursue that meet the joinder requirements.

As the complaint currently reads, France has not stated a cognizable claim against any defendant. However, if France believes that he can cure the deficiencies addressed above, he may amend his complaint to do so.

## II. CONCLUSION

The court orders as follows:

1. The complaint is DISMISSED with leave to amend. France shall file an AMENDED COMPLAINT within thirty days from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 15-4078 PSG (PR)) and the words AMENDED COMPLAINT on the first page. France may not incorporate material from the prior complaint by reference. Failure to file an amended complaint within thirty days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.

2. France is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."[13] Defendants not named in an amended complaint are no longer defendants.[14]

3. It is France's responsibility to prosecute this case. He must keep the court informed of any change of address by filing a separate paper with the Clerk headed "Notice of

---

[13] *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

[14] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Case No. C 15-4078 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND
4

1  Change of Address," and must comply with the court's orders in a timely fashion. Failure to do
2  so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
3  Civil Procedure 41(b).
4         IT IS SO ORDERED.
5  DATED:  1/7/2016

                                    PAUL S. GREWAL
6                                   United States Magistrate Judge

Case No. C 15-4078 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND
5