IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL RAY FRANCE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SHERIFF THOMAS D. ALLMAN, et al.,<br><br>　　　　Defendants. | Case No. C 15-4078 PSG (PR)<br><br>**ORDER OF SERVICE AND DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS UNWARRANTED** |

　　　Michael Ray France, proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons stated below, the court serves the amended complaint and directs defendants to file a dispositive motion or notice that such motion is unwarranted.

**I. DISCUSSION**

A.　Standard of Review

　　　A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.[1] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a

---

[1] *See* 28 U.S.C. § 1915A(a).

Case No. C 15-4078 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

defendant who is immune from such relief.[2]  *Pro se* pleadings must, however, be liberally construed.[3]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.[4]

B.     France's Claims

France alleges that on April 2, 2014, he was brought into Mendocino County Jail, where he is currently housed.  France was thrown into a dirty safety cell, and then moved to administrative segregation, where he has remained with no justification.  France also alleges that while he was in administrative segregation, he has been denied religious meals.  France names as defendants Sheriff Thomas D. Allman, Captain Pearce, Sergeant Studor, and Lieutenant Bednar.  Liberally construed, France has stated cognizable claims of cruel and unusual punishment and a violation of the free exercise of his religion.

## II. CONCLUSION

1.     The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto, a Magistrate Judge consent form, and a copy of this order to **Sheriff Thomas D. Allman, Captain Pearce, Sergeant Studor, and Lieutenant Bednar** at **the Mendocino County Jail**.  The Clerk also shall mail a courtesy copy of the complaint and a copy of this order to the Clerk of the Board of Supervisors, 501 Low Gap Road, Room 1010 Ukiah, CA 95482.

2.     Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.

---

[2]  *See* 28 U.S.C. § 1915A(b)(1), (2).

[3]  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[4]  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Case No. C 15-4078 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

1   Pursuant to Rule 4, if defendants, after being notified of this action and asked by the court, on
2   behalf of France, to waive service of the summons, fail to do so, they will be required to bear the
3   cost of such service unless good cause be shown for their failure to sign and return the waiver
4   form.  If service is waived, this action will proceed as if defendants had been served on the date
5   that the waiver is filed, except that pursuant to Fed. R. Civ. P. 12(a)(1)(B), defendants will not be
6   required to serve and file an answer before sixty (60) days from the date on which the request for
7   waiver was sent.  Defendants are asked to read the statement set forth at the bottom of the waiver
8   form that more completely describes the duties of the parties with regard to waiver of service of
9   the summons.  If service is waived after the date provided in the Notice but before defendants
10  have been personally served, the answer shall be due sixty (60) days from the date on which the
11  request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever
12  is later.

13         3.      No later than sixty (60) days from the date the waiver is sent, defendants shall file
14  one comprehensive motion for summary judgment or other dispositive motion with respect to the
15  cognizable claims in the amended complaint.  At that time, defendants shall also submit the
16  Magistrate Judge's consent form.

17         Any motion for summary judgment shall be supported by adequate factual documentation
18  and shall conform in all respects to Fed. R. Civ. P. 56.  Defendants are advised that summary
19  judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If
20  defendants are of the opinion that this case cannot be resolved by summary judgment, they shall
21  so inform the court prior to the date the summary judgment motion is due.

22         4.      France's opposition to the dispositive motion shall be filed with the court and
23  served on defendants no later than twenty-eight (28) days from the date defendants' motion is
24  filed.  France is advised to read Rule 56 and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)
25  (holding party opposing summary judgment must come forward with evidence showing triable
26  issues of material fact on every essential element of his claim).

27         5.      Defendants shall file a reply brief no later than fourteen (14) days after France's
28  opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.

Case No. C 15-4078 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

3

1  No hearing will be held on the motion unless the court so orders at a later date.

2       6.   All communications by France with the court must be served on defendants or
3  defendants' counsel, by mailing a true copy of the document to defendants or defendants'
4  counsel.

5       7.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
6  No further court order is required before the parties may conduct discovery.

7       8.   It is France's responsibility to prosecute this case.  France must keep the court
8  and all parties informed of any change of address and must comply with the court's orders in a
9  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
10 pursuant to Fed. R. Civ. P. 41(b).

11      IT IS SO ORDERED.

12 DATED: 3/30/2016

PAUL S. GREWAL
13 United States Magistrate Judge

Case No. C 15-4078 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND
4